**Marge METZER, et al., Appellees,**

v.

**Richard LYNG, Appellant.**

**No. 88–5192.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1988.

Decided Dec. 20, 1988.

Rehearing and Rehearing En Banc Denied March 7, 1989.

Jeffrica J. Lee, Washington, D.C., for appellant.

Ann C. Cofell, St. Cloud, Minn., for appellees.

Before LAY, Chief Circuit Judge, JOHN R. GIBSON, Circuit Judge, and STUART,[*] Senior District Judge.

STUART, Senior District Judge.

Richard Lyng, Secretary of Agriculture, appeals the district court's [1] order granting plaintiff class members' motion for summary judgment, 687 F.Supp. 454. The sole issue in this case is whether an amendment to the Food Stamp Act of 1977 became effective immediately upon the legislation's enactment on December 23, 1985, or whether it became effective only upon the Secretary of Agriculture's issuance of rules implementing the amendment.

This case arises under the Food Stamp Act of 1977, as amended 7 U.S.C. §§ 2011 *et seq.*, pursuant to which food stamps are distributed free of charge to eligible house-

---

[*] The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

[1] The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

holds. 7 U.S.C. § 2017(a). The named plaintiff, Marge Metzer, a recipient of food stamps, instituted this class action for declaratory and injunctive relief against the Secretary of Agriculture and the Commissioner of the Minnesota Department of Human Services to challenge the decrease in her food stamps resulting from the inclusion of loan origination fees in the calculation of her income.

In September 1985, Metzer received a student loan from which the lender retained a loan origination fee and insurance premium. Thereafter, in calculating plaintiff's income for purposes of food stamp eligibility, the county social services office, in accordance with federal policy at that time, included the loan origination fee and insurance premium as part of plaintiff's income. In her complaint, plaintiff sought a declaratory judgment that inclusion of the student loan fees in her income violated 7 U.S.C. § 2014(d)(3), as amended by the Food Security Act of 1985, Publ.L. No. 99–198, Section 1509(a)(2)(B), 99 Stat. 1569. Title XV of the Food Security Act of 1985 (the Act) expressly excludes lender-retained student loan fees from income when computing food stamp eligibility. Plaintiff alleged that the amendment was effective immediately upon enactment on December 23, 1985, and that she and all others similarly situated were entitled to retroactive benefits to that date. The Secretary argues that the 1985 amendments were not effective until August 22, 1986, when the Secretary issued regulations implementing the change.

Congress explicitly provided that the Act be effective on the date of its enactment, December 23, 1985.

> Except as otherwise provided in this Act, this Act and the Amendments made by this Act shall be come effective on the date of the enactment of this Act.

Section 1801, 99 Stat. 1660.

Section 1509(a)(2)(B) of the Act, 99 Stat. 1569, amendment 7 U.S.C. § 2014(d)(3),

does not provide for a different effective date. The portion of the House bill proposing the amendment excluding origination fees from income computation contained a separate effective date of February 1, 1986. The substantive portion of this bill was ultimately adopted, but the separate effective date was stricken. H.Conf.Rep. No. 99–447, 99th Cong., 1st Sess. 562, reprinted in U.S.Code Cong. & Admin.News 1985, 1103, 2251, 2488. Congress knew how to and did specify separate effective dates for other sections of Title XV.[2]

Title XV of the Act contains an implementation date distinct from the effective date.

> Not later than April 1, 1987, the Secretary shall issue rules to carry out the amendments made by this title.

Section 1583, 99 Stat. 1595. The Secretary claims that this provision changes the effective date of the amendment from the date of enactment to the date implementing regulations were issued, August 22, 1986. See 51 F.Reg. 30045–30049. Therefore, the Secretary was not required by the Act to give the regulations retroactive effect, and could make the regulations effective only as of the date of issuance. 51 F.Reg. 30045.

When interpreting a statute, a court must look first to the language of the statute itself. "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." Consumer Product Safety Comm'n v. GTE Sylvania, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). The clear language of the Act states that all sections, except as otherwise provided, shall be effective on the date of enactment of the statute. While other sections of Title XV of the Act do contain separate effective dates, nowhere is there any language delaying the effective date of

---

**2.** For example, Section 1514 of the Food Security Act increased the amount of resources which could be owned by food stamp households. This section states that this amendment is "effective May 1, 1986." Food Security Act, Sec. 1514, 99 Stat. at 1572.

See also: Id., Sec. 1511, 99 Stat. at 1570 (eff. May 1, 1986); Id., Sec. 1531, 99 Stat. at 1582 (eff. Oct. 1, 1986); Id., Sec. 1542, 99 Stat. at 1589 (eff. Oct. 1, 1986).

section 1509. In fact, a separate effective date contained in the original House bill was rejected by the Conference Committee. The date of April 1, 1987, by which the Secretary was to issue rules to carry out the amendments to Title XV, applies to all amendments to Title XV in the 1985 bill, even those amendments containing separate effective dates.

The Secretary's position is that the implementation provision of Title XV does not supplant the effective date provision of 1801. He argues:

> That several sections of Title XV contained their own effective dates demonstrates that Congress did not want the Secretary to wait until April 1, 1987 to implement those provisions. Thus, by creating separate effective/implementation dates for several provisions in Title XV, Congress implicitly recognized that, without there separate effective date provisions, those sections would not have been made effective until April 1, 1987, and Congress obviously wanted those sections implemented before then.

This argument clearly shows that the Secretary believes that the implementation provision of Title XV does supplant the effective date of the Act provided for in 1801. Statutes should be interpreted in such a way that no part is rendered inoperative. *Colautti v. Franklin*, 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979). If the general effective date is applied to Title XV it is much more logical to argue:

> That several sections of Title XV contained their own effective dates demonstrates that Congress [wanted to delay the effective date of] those provisions. Thus, by creating separate effective/implementation dates for several provisions in Title XV, Congress implicitly recognized that, without these separate effective date provisions, those sections [would have been effective on December 23, 1985 under § 1801] and Congress obviously wanted [to delay the effective dates of] those sections.

The only way the Secretary's argument makes any sense is if the implementation date is equated with effective date, which, of course means that the Secretary is ignoring the effective date of the Act as far as Title XV is concerned.

If Congress had intended prior contrary portions of the pre-amendment act to govern in the period before new rules were implemented, they could have so provided. In fact, Congress did precisely this in the Food Stamp Act of 1977. As the district court noted, the 1977 Act's implementation provision instructed the Secretary to implement the Act "as expeditiously as possible consistent with efficient and effective administration of the Food Stamp Program." Section 1303(a), 91 Stat. 979 (1977). However, the same provision specifically directed that inconsistent provisions of the Food Stamp Act of 1964 be kept in effect until new implementing regulations were issued by the Secretary.

> The provisions of the Food Stamp Act of 1964, as amended, which are relevant to current regulations of the Secretary governing the food stamp program, shall remain in effect until such regulations are revoked, superceded, amended, or modified by regulations issued pursuant to the Food Stamp Act of 1977.

*Id.*

Congress chose not to include a similar savings provision in the 1985 amendments. Indeed, the Conference Committee reporting about the bill specifically noted, "[t]he Conference substitute adopts the Senate provision with regard to making provisions effective upon enactment unless otherwise specified." H.Cong.Rep. No. 99-447, 99th Cong., 1st Sess. 562, *reprinted in* U.S.Code Cong. & Admin.News 2251, 2488. We therefore agree with the District Court's determination that benefits should be awarded retroactively to the date of enactment of the amendment.

To summarize, we affirm the district court because: (1) The Food Security Act of 1985 has the effective date of December 23rd, 1985 "except as otherwise provided" in the Act. (2) Section 1509(a) of Title XV of the Act does not provide otherwise. (3) Other sections of Title XV do provide otherwise. (4) The inclusion in Title XV of a

date for the issuance of rules does not change the effective date of that Title or any section contained therein. (5) The Secretary can make the provisions of Section 1509(a) retroactive (6) as Congress intended.

The Judgment of the District Court is affirmed.