**Mireya SOLIS, Teresa Jimenez, Tanya Cortez, Khadija Basir, Carol Hayes, Plaintiffs–Appellants,**

v.

**Rita SAENZ, Director, California Department of Social Services, Defendant–third–party–plaintiff–Appellee,**

v.

**Ann M. Veneman, Secretary of Department of Agriculture, Third–Party Defendant–Appellee.**

No. 01–17503.
D.C. No. CV–01–00404–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided March 7, 2003.

Before SILVERMAN and GOULD, Circuit Judges and SEDWICK, Chief District Judge.**

### MEMORANDUM***

Mireya Solis, et al., and other similarly situated individuals (collectively "Solis" or "plaintiff"), appeal the district court's grant of summary judgment in favor of defendant Rita Saenz, director of California Department of Social Services, and third-party defendant Ann Veneman, Secretary of the United States Department of Agriculture ("USDA"). Solis contends that the district court erred when it deferred to the Secretary's interpretation of the date on which it must afford food stamps benefits to applicants utilizing the new vehicle equity amendment. We have jurisdiction pursuant to 28 U.S.C. § 1331.

We review *de novo* the district court's decision to grant summary judgment. *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir.2002). Our review is governed by the same standards used by the trial court under Federal Rule of Civil Procedure 56(c). *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001) (citations omitted). We must determine, viewing the evidence in the light

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court applied the relevant substantive law. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002). Summary judgment may be affirmed on any ground supported by the record, even if it was not the basis for the district court's decision. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir.2001).

## I. The Plain Language of the Regulation

Interpretation of an agency's regulation utilizes general principles of statutory interpretation. We examine the language of the regulation by looking to "provisions of the whole law, and to its object and policy." *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 51, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (citation omitted). We also take into account common sense, the regulatory purpose, and the practical consequences of the proposed interpretation. *Crown Pacific v. Occupational Safety & Health Review Comm'n*, 197 F.3d 1036, 1040 (9th Cir. 1999) (citation omitted).

The plain language of the regulation is the starting point for its interpretation. A regulation should be construed so as to give effect to the "natural and plain meaning" of its words. *Id.* at 1038–39 (citation omitted). The plain meaning governs unless it leads to absurd results. *Dyer v. United States*, 832 F.2d 1062, 1066 (9th Cir.1987) (citation omitted). If a term is not defined in the regulation itself, we may rely on dictionary definitions. *See United States v. Sherburne*, 249 F.3d 1121, 1126 (9th Cir.2001).

██ The regulation at issue contains an effective date of January 20, 2001, and further provides that "state agencies must implement [the amendment] no later than June 1, 2001." 65 Fed. Reg. 70134, 70134 (Nov. 21, 2000). Dictionary definitions do not compel either party's proffered definition interpretation.

None of the cases relied upon by Solis eliminate the ambiguity, because they do not concern the difference between an effective date and an implementation date. Two of the cases concern whether an effective date bars retroactive application of the provision. *See United States v. Hughes Aircraft Co.*, 162 F.3d 1027, 1031 (9th Cir. 1998); *United States v. Gomez–Rodriguez*, 77 F.3d 1150, 1151 (9th Cir.1996). The third case concerns the statute of limitations on an action against the employer. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1332 (9th Cir.1996). Solis' assertion that other circuits' decisions support her interpretation does not correctly represent the decisions cited. In those cases, the courts addressed whether the effective date of the 1985 amendment to the Food Stamps Act of 1977 or the implementation date contained in the Secretary's regulations determined applicants' eligibility for benefits and concluded that the effective date clearly set by the statute controlled. *Lynch v. Lyng*, 872 F.2d 718, 721 (6th Cir.1999); *Huberman v. Perales*, 884 F.2d 62, 63 (2nd Cir.1989); *Metzer v. Lyng*, 864 F.2d 75, 77 (8th Cir.1988). By contrast, the statute here does not provide any dates relating to the effectiveness of the regulations, but merely authorizes the Secretary to create regulations concerning inaccessible resources. *See* 7 U.S.C. § 2014(g)(1).

## II. Deference to the Secretary's Interpretation

Where plain language is ambiguous, as is the case here, the Secretary's interpretation controls "so long as it is 'reasonable,' that is so long as the interpretation sensibly conforms to the purposes and wording of the regulations." *Crown Pacific*, 197 F.3d at 1038 (citations omitted). In this case, the Secretary's interpretation—that the effective date is the earliest date on which the agency may apply the regula-

tion but is not the date on which the applicant can expect to receive benefits under the regulation—is entitled to deference because it is reasonable. It does not conflict with the dictionary definitions. Nor does it render the term "effective date" meaningless, as Solis contends it does. Further, the Secretary's interpretation makes sense given the actual procedural obstacles to making the changes prescribed by the new rule.

 Solis' claim that the interpretation is a *post hoc* justification that is not entitled to deference is incorrect. A *post hoc* interpretation is one that an agency advances during litigation that is distinct from the underlying administrative proceedings. *See Gilliland v. E.J. Bartells Co., Inc.*, 270 F.3d 1259, 1262 (9th Cir. 2001). The Secretary has regularly and consistently applied the proffered interpretation in previous cases and regulations. *See, e.g.*, 61 Fed. Reg. 54270, 54278 (Oct. 17, 1996).

**AFFIRMED.**