# UNITED STATES COURT OF APPEALS
## for the Fifth Circuit

_____

No. 94-10761
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE GARCIA-RICO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

(February 10, 1995)

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:

Jose Garcia-Rico was convicted of illegal reentry after deportation under 8 U.S.C. § 1326(a), (b)(2) (1988). He appeals the district court's sixteen level enhancement of his sentence under U.S.S.G. § 2L1.2(b)(2).[1] The court applied the § 2L1.2(b)(2) enhancement because Garcia-Rico was previously deported after a conviction for voluntary manslaughter. Garcia-Rico contends that voluntary manslaughter, at the time he committed it, did not

---

[1] U.S.S.G. § 2L1.2 is the Sentencing Guideline applicable to the offense of unlawful reentry. § 2L1.2(b)(2) provides for a 16 level enhancement when "the defendant previously was deported after a conviction for an aggravated felony."

constitute an aggravated felony under the statute.  We affirm.

BACKGROUND

Garcia-Rico was convicted of voluntary manslaughter on January 18, 1990, and thereafter deported.  He reentered this country illegally and was arrested in March 1994.  He pled guilty to one count of illegal reentry after deportation under 8 U.S.C. § 1326.[2] The PSR recommended a sixteen level enhancement under § 2L1.2(b)(2).  Garcia-Rico objected to the PSR's recommendation on the grounds that voluntary manslaughter only became an aggravated felony under 8 U.S.C. § 1326 on November 29, 1990.[3]  He committed the voluntary manslaughter before that date.  The district court nonetheless adopted the PSR's recommendation.

DISCUSSION

Whether the Sentencing Guidelines apply to a prior conviction is a question of law.  United States v. Howard, 991 F.2d 195, 199 (5th Cir.), cert. denied, 114 S. Ct. 395 (1993).  We review questions of law de novo.  Id.

Congress defines the term "aggravated felony" in 8 U.S.C. § 1101(a)(43).  Congress amended the definition in 1990 to include

---

[2]  An alien who is deported and later found illegally in the United States violates § 1326(a).  If the alien is convicted of an aggravated felony before deportation, then § 1326(b)(2), which carries a maximum sentence of 15 years, also applies.

[3]  Garcia-Rico does not dispute that his act of voluntary manslaughter would constitute an aggravated felony if committed after that date.

"any crime of violence . . . for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years."  Immigration Act of 1990, Pub. L. No. 101-649, § 501(a), 104 Stat. 4978, 5048 (1990).  The amended definition "shall apply to offenses committed on or after the date of enactment of this Act."  Id. § 501(b), 104 Stat. at 5048.  Congress enacted the Immigration Act on November 29, 1990.  Because Garcia-Rico committed voluntary manslaughter before that date, he contends that the amended definition of aggravated felony does not apply either to 8 U.S.C. § 1326(b)(2) or U.S.S.G. § 2L1.2(b)(2).[4]

In United States v. Saenz-Forero, 27 F.3d 1016 (5th Cir. 1994), we addressed whether 8 U.S.C. § 1326(b)(2) could apply to an aggravated felony committed before 1988 without violating the Ex Post Facto Clause.[5]  The defendant had been convicted of an aggravated felony in 1985, deported in 1986, and convicted of illegal reentry in 1992.  Because the defendant violated § 1326 in 1992, we rejected his ex post facto argument.  Id. at 1020-21; see also United States v. Arzate-Nunez, 18 F.3d 730, 734 (9th Cir. 1994) (noting that the relevant offense is the current § 1326 violation, not the predicate crime).

The Ninth Circuit addressed the precise question raised in this appeal in United States v. Ullyses-Salazar, 28 F.3d 932 (9th

---

[4]     The commentary to § 2L1.2 defines aggravated felony in accordance with the amended definition.  See U.S.S.G. § 2L1.2 commentary n.7, added by Amendment 375 (effective Nov. 1, 1991).

[5]   Congress added § 1326(b)(2) in 1988.  Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 7345(a)(2), 102 Stat. 4181, 4471 (1988).

Cir. 1994), petition for cert. filed, __ U.S.L.W. ____ (Dec 15, 1994) (No. 94-____). The defendant had been convicted of armed robbery in 1983, deported, and convicted of illegal reentry in 1992. He contended that armed robbery became an aggravated felony only after Congress enacted the 1990 amendment to § 1101(a)(43). The court disagreed and applied the definition of aggravated felony that existed at the time the defendant was arrested for illegal reentry. Id. at 938 (citing Arzate-Nunez, 18 F.3d at 735). Based on Arzate-Nunez and a reading of the statute, the court determined that the relevant offense was the defendant's violation of § 1326. Id. at 738-39.

We agree with the Ninth Circuit's conclusion in Ullyses-Salazar, and we consider it consistent with our decision in Saenz-Forero. The amended definition of § 1101(a)(43) applies to offenses committed on or after November 29, 1990. The relevant offense is Garcia-Rico's illegal reentry into this country. Because he violated § 1326 in 1994, we apply the amended definition of aggravated felony to Garcia-Rico.[6] His voluntary manslaughter conviction constitutes an aggravated felony. Thus, the district court properly applied the § 2L1.2(b)(2) enhancement.

CONCLUSION

For the foregoing reasons, Appellant's sentence is

AFFIRMED.

---

[6] We apply the amended definition to both § 1326(b)(2) and § 2L1.2(b)(2).