**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elvidio ANDRINO–CARILLO,**
**Defendant–Appellant.**

**No. 94–30455.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 1995.*

Decided Aug. 24, 1995.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P.   34(a); 9th Cir. R. 34–4.

Michael Donahoe, Federal Defenders of Montana, Helena, MT, for defendant-appellant.

Robert J. Brooks, Asst. U.S. Atty., Butte, MT, for plaintiff-appellee.

Before: WRIGHT, BEEZER and HAWKINS, Circuit Judges.

BEEZER, Circuit Judge:

We decide whether the definition of aggravated felony contained in 8 U.S.C. § 1101(a)(43) is ambiguous; more specifically, we decide whether a five-year minimum term of imprisonment provision in that statute applies only to the immediately preceding listed offense or to all listed offenses.

Elvidio Andrino–Carillo appeals his conviction of one count of being an alien present in the United States after deportation following conviction of an aggravated felony. 8 U.S.C. § 1326(b)(2). He argues on appeal: (1) that his prior conviction for a drug-related offense does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43); and (2) that the government failed to present sufficient evidence to prove that he was the same person who was convicted of the prior drug-related offense. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we conclude that section 1101(a)(43) is not ambiguous, and that Andrino–Carillo's conviction was supported by sufficient evidence, we affirm.

## I

Elvidio Andrino–Carillo, a citizen of Guatemala, was deported after serving one year in jail for his 1989 conviction in California state court of possessing marijuana for sale. Andrino–Carillo did not, however, remain out of the United States for long. On May 10, 1994, he was apprehended for trespassing in a railway yard located in Whitefish, a small town near Glacier National Park in Northwestern Montana.

Andrino–Carillo was charged with a violation of 8 U.S.C. § 1326(b)(2), which prohibits an alien from being "at any time found in" the United States following deportation after conviction of an aggravated felony.[1] He moved to dismiss the indictment, and later moved for a judgment of acquittal. The district court denied both motions. A jury convicted Andrino–Carillo, and he was sentenced to 125 months imprisonment.

---

**1.** In this circuit, an aggravated felony conviction is a necessary element of an offense charged under 8 U.S.C. § 1326(b)(2). *United States v. Gonzalez–Medina*, 976 F.2d 570, 572 (9th Cir. 1992). All other circuits, however, have held subsection (b)(2) to be a sentence enhancement provision. *See United States v. Gomez–Rodriguez*, 878 F.Supp. 157, 159 n. 1 (N.D.Cal.1995) (collecting cases).

## II

We review de novo the interpretation of a statute. *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). In reviewing the sufficiency of the evidence, we determine whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). All reasonable inferences from the facts must be drawn in favor of the Government. *Id.*

## III

Andrino–Carillo's primary argument is that 8 U.S.C. § 1101(a)(43), a definitional statute, is ambiguous. At the time of the federal offense, that statute defined an "aggravated felony" as:

> murder, any illicit trafficking in any controlled substance (as defined in section 802 of Title 21), including any drug trafficking crime as defined in section 924(c)(2) of Title 18, or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, any offense described in section 1956 of Title 18 (relating to laundering of monetary instruments), or any crime of violence (as defined in section 16 of Title 18, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years, or any attempt or conspiracy to commit such act.

Andrino–Carillo does not contest the fact that his California conviction qualified as "illicit trafficking in any controlled substance." *Id.* He argues, however, that the statute is unclear whether the five year "term of imprisonment imposed" restriction applies only to the immediately preceding offense of "any crime of violence" or applies to all listed offenses, which would include controlled substance trafficking offenses.[2] He asks us to conclude that the statute is ambiguous, and to apply the rule of lenity in construing the statute in his favor. *See United States v. Gilbert,* 813 F.2d 1523, 1526 (9th Cir.), *cert. denied,* 484 U.S. 860, 108 S.Ct. 173, 98 L.Ed.2d 127 (1987). Because Andrino–Carillo's state conviction resulted in a term of imprisonment of less than five years, he argues that the California conviction did not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43). He seeks reversal of his conviction under 8 U.S.C. § 1326(b)(2).

Andrino–Carillo relies primarily on our opinion in *United States v. Arzate–Nunez,* 18 F.3d 730 (9th Cir.1994), to support his contention that the statute is ambiguous. In that case, we quoted the aforementioned aggravated felony definition and noted that "[o]n its face, this language may be ambiguous. The requirement of a five-year term of imprisonment might apply only to the immediately preceding offense ... or it could apply to all of the offenses.... Case law has not resolved this ambiguity." *Id.* at 736. We then examined U.S.S.G. § 2L1.2, which contains a similar definition of "aggravated felony," but that separates its component parts by semicolons rather than commas. Using the guidelines' provision as support, we indicated that "the penalties for reentering the country following a drug offense ... were not ambiguous." *Id.*

Our reliance on a guidelines' provision is not completely satisfactory because the issue in *Arzate–Nunez* was the interpretation of the statute. As Andrino–Carillo correctly points out, the guidelines cannot amend or modify statutes. Although *Arzate–Nunez* mentioned a possible ambiguity, the court was evidently not persuaded in the end that the statute was ambiguous. It affirmed a conviction under 8 U.S.C. § 1362(b)(2) despite the prior aggravated drug felony at issue resulting in a 90 day term of imprison-

---

**2.** Many courts, including ours, have assumed without discussion that the statute covers drug offenses for which the defendant was sentenced to a term of imprisonment of less than five years. *United States v. Lomas,* 30 F.3d 1191, 1192–93 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1158, 130 L.Ed.2d 1114 (1995); *Urbina–*

*Mauricio v. INS,* 989 F.2d 1085, 1087 (9th Cir. 1993); *United States v. Samaniego–Rodriguez,* 32 F.3d 242, 243 n. 3 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1432, 131 L.Ed.2d 312 (1995); *United States v. Zapata,* 1 F.3d 46, 47 (1st Cir.1993).

ment for the defendant. The Government argues that this result is dispositive of the appeal here. While we have no quarrel with the result reached in *Arzate–Nunez*, we believe that it is not appropriate in this context to look to the guidelines for support. Instead of relying on the reasoning of *Arzate–Nunez*, we will return to the language and history of the statute itself.

An examination of the statutory history of 8 U.S.C. § 1101(a)(43) effectively undermines Andrino–Carillo's argument. The particular statute defining an "aggravated felony" was first enacted as part of the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 7342, 102 Stat. 4181, 4469–70 (1988). It included only the offenses of murder, drug trafficking, illicit trafficking in firearms and any conspiracy to commit those acts. No term of imprisonment restrictions were included.

In the Immigration Act of 1990, Pub.L. No. 101–649, § 501(a), 104 Stat. 4978, 5048 (1990), Congress amended the definition of "aggravated felony" in two different ways. First, in section 501(a)(2), Congress inserted the language making "illicit trafficking" in a controlled substance an aggravated felony. Second, in section 501(a)(3), Congress included language making a money laundering offense or a crime of violence for which a term of imprisonment imposed was at least five years an aggravated felony.

The inclusion of these two provisions in separate subsections into an already existing statute is strong evidence that the five year term of imprisonment restriction was not designed to apply to drug or illicit trafficking offenses. Before the 1990 amendments, the listed aggravated felonies were clearly not subject to any minimum imprisonment requirements. There is no evidence that through the addition of more aggravated felonies, Congress intended to apply the five year minimum listed in one subsection to all the listed offenses. Indeed, Congress' decision to add the illicit trafficking in controlled substances offense to a drug trafficking provision already contained in the 1988 statute is strong evidence that Congress did not intend the five year term of imprisonment language to apply to drug or other illicit trafficking. Rather, the five year minimum term of im-

prisonment provision applies only to a "crime of violence." The statute is not ambiguous.

If the intent of Congress was at all unclear, a subsequent amendment has provided unambiguous evidence of Congress' intent. *See* Immigration and Nationality Technical Corrections Act of 1994, Pub.L. No. 103–416, § 222(a), 108 Stat. 4305, 4320–22 (1994). Section 1101(a)(43) now provides as follows:

The term "aggravated felony" means—

(A) murder;

(B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of title 18);

. . . .

(F) a crime of violence (as defined in section 16 of title 18, but not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of imprisonment) is at least 5 years; . . . .

In light of Congress' recent changes to the statute, it is now unquestionably clear that the five year term of imprisonment requirement does not apply to all listed offenses, but rather only to a crime of violence. Although we recognize that subsequent amendments are not necessarily a reliable indicator of congressional intent, they do confirm the conclusions we already reached after an analysis of the statutory history. *Cf. Hawkins v. United States*, 30 F.3d 1077, 1082 (9th Cir. 1994) ("[a]n amendment to a statute does not necessarily indicate that the unamended statute meant the opposite."), *cert. denied*, —— U.S. ——, 115 S.Ct. 2576, 132 L.Ed.2d 827 (1995).

In light of the history and development of the statute at issue and Congress' subsequent amendment clarifying the provision, we conclude that any illicit trafficking offense, regardless of the term of imprisonment imposed, qualifies as an aggravated felony. To the extent that *Arzate–Nunez* implied that 8 U.S.C. § 1101(a)(43) is ambiguous, or that the guidelines resolve that ambiguity, we reject that implication. Instead, we approve of the result in *Arzate–Nunez* as consistent with the reasoning set forth above.

The district court did not err in denying Andrino–Carillo's motion to dismiss the indictment.

### IV

■ Andrino–Carillo next argues that the Government failed to establish that he was the same person convicted of the California offense. We disagree.

When viewed in the light most favorable to the Government, the evidence is sufficient to establish identity. The Government presented fingerprints taken after Andrino–Carillo was released from state custody and turned over to the Immigration and Naturalization Service. A fingerprint expert testified that these prints matched those taken from the defendant in Montana. While Andrino–Carillo is correct that his name is different from the name of the person who served a term of imprisonment in state custody and was subsequently deported, it is very likely that the use of an alias is the reason for this difference. The uncontradicted fingerprint evidence supports the identity determination.

AFFIRMED.

