**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Hector Rene GOMEZ–RODRIGUEZ, Defendant–Appellee.**

No. 95–10114.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1996.

Decided Feb. 21, 1996.

---

7. *Snyder*, 291 U.S. at 119, 54 S.Ct. at 337; *see* *Stincer*, 482 U.S. at 745, 107 S.Ct. at 2667.

Nandor J. Vadas, Assistant United States Attorney, San Francisco, California, for plaintiff/appellant.

George J. Cotsirilos, Jr., Cotsirilos & Campisano, San Francisco, California, for defendant/appellee.

Before: LAY,* GOODWIN, and PREGERSON, Circuit Judges.

Opinion by Judge PREGERSON; Dissent by Judge GOODWIN.

PREGERSON, Circuit Judge:

The United States appeals the district court's dismissal of an indictment charging Hector Rene Gomez–Rodriguez ("Gomez") with illegal reentry after deportation and conviction of an "aggravated felony" under 8 U.S.C. § 1326(b)(2) of the Immigration and Nationality Act. The district court dismissed the indictment because Gomez's "aggravated felony" conviction occurred before November 29, 1990, the date on which Congress added crimes of violence to the definition of "aggravated felony" under 8 U.S.C. § 1101(a)(43). Immigration Act of 1990 (the "1990 Amendment"), Pub.L. No. 101–649, 104 Stat. 4978 (1990). The 1990 Amendment contained an effective date provision, which provides, in relevant part, that the "Amendments ... shall apply to offenses committed on or after the date of the enactment." *Id.*, § 501(b), 104 Stat. 5048. The 1990 Amendment was enacted on November 29, 1990.

In this appeal, we address whether the district court was correct in construing the effective date provision in the 1990 Amendment as barring the retroactive application of the expanded definition of "aggravated felony" to convictions for crimes of violence that occurred before November 29, 1990. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

I

Gomez is a Mexican national. On October 26, 1990, Gomez plead guilty in California Superior Court to violating California Penal Code § 245(a)(2), assault with a deadly weapon. The charged assault occurred on March 16, 1990. The state court sentenced Gomez to one year in jail and a term of probation. On August 20, 1991, Gomez's probation was revoked and he was sentenced to five years in state prison. On November 29, 1993, after Gomez served his sentence, Immigration and Naturalization Service (INS) officials deported him from the United States.

After his deportation, Gomez reentered the United States. INS agents arrested Gomez on September 22, 1994. The government charged Gomez with illegal reentry under 8 U.S.C. § 1326(b)(2).

Gomez moved to dismiss the indictment. He argued that his assault conviction did not qualify as an aggravated felony under

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

§ 1326(b)(2) because his crime occurred before November 29, 1990, the effective date of the Act's 1990 amendments.[1] In opposing Gomez's motion, the government argued that the term "offenses" in the effective date provision referred to the illegal reentry statute rather than the aggravated felony conviction. According to the government, the indictment was proper because the offense of illegal reentry occurred on or after November 29, 1990.

On February 23, 1995, the district court dismissed the indictment. The district court held that the 1990 Amendment's effective date provision is a clear expression of congressional intent, and that the expanded definition of "aggravated felony" could not be applied retroactively to crimes of violence which were committed before November 29, 1990. The district court concluded that, because Gomez was convicted of assault before November 29, 1990, this conviction did not qualify as an aggravated felony under 8 U.S.C. § 1326(b)(2). The district court's opinion is published at 878 F.Supp. 157 (N.D.Cal.1995).

## II

■ "The interpretation of a statute is a question of law reviewed de novo." *Forest Conservation Council v. Rosboro Lumber Co.,* 50 F.3d 781, 783 (9th Cir.1995). Because the district court dismissed the indictment based on its construction of the 1990 Amendment, our review is de novo.

## III

Section 1326(b)(2), the provision under which Gomez was charged, was first added to the illegal reentry statute in 1988, when Congress enacted the Anti–Drug Abuse Act of 1988 (the "1988 Act"), Pub.L. No. 100–690, § 7342, 102 Stat. 4181 (1988). *U.S. v. Andrino–Carillo,* 63 F.3d 922, 925 (9th Cir.1995). Section 1326(b)(2) currently provides, in relevant part, that an alien "whose deportation was subsequent to a conviction for commis-

sion of an aggravated felony ... shall be fined under such Title, imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2).

Congress defined the term "aggravated felony" at 8 U.S.C. § 1101(a)(43). In 1988, before the 1990 Amendment, § 1101(a)(43) provided:

The term "aggravated felony" means murder, any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code, or any illicit trafficking in any firearms or destructive devices defined in section 921 of such title, or any attempt or conspiracy to commit any such act, committed within the United States.

Pub.L. No. 100–690, § 7342, 102 Stat. at 4469–4470. The 1988 Act did not contain an effective date provision.[2]

In 1990, as part of the Immigration Act of 1990, Congress amended 8 U.S.C. § 1101(a)(43) to expand the definition of "aggravated felony" to include crimes of violence that have a minimum sentence of 5 years. The statute, as amended, states in relevant part:

(a) In General. —Paragraph (43) of section 101(a) (8 U.S.C. 1101(a)) is amended—

. . . .

(3) by inserting after "such title," the following: "any offense described in section 1956 of title 18, United States Code (relating to laundering of monetary instruments), *or any crime of violence* (as defined in section 16 of title 18, United States Code, not including purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years",

. . . .

Pub.L. No. 101–649, § 501(a), 104 Stat. at 5048 (emphasis added).

The 1990 Amendment also contained the following effective date provision:

---

1. Gomez does not contest that his assault conviction is a crime of violence.

2. Congress, however, did include effective dates under the specific substantive sections which

were also amended in 1988 to refer to the term "aggravated felony." *See* Pub.L. No. 100–690, §§ 7343, 7344(a), 7345, 7346(a), 7347, 7349, 102 Stat. at 4470–4473.

(b) Effective Date.—The amendments made by subsection (a) shall apply to offenses committed on or after the date of the enactment of this Act, except that the amendments made by paragraphs (2) and (5) of subsection (a) shall be effective as if included in the enactment of section 7342 of the Anti–Drug Abuse Act of 1988.

*Id.*, § 501(b), 104 Stat. at 5048. The 1990 Amendment was enacted on November 29, 1990.

The plain language of the effective date provision makes clear that Congress intended that its expanded definition of "aggravated felony"—*which for the first time included crimes of violence*—was to be applied only if such crimes were committed on or after November 29, 1990. Congress stated that the "amendments made by subsection (a)" apply only to "*offenses* committed on or after" the effective date of the 1990 Amendment. Subsection (a) lists the offenses which Congress was adding to the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43). Had Congress intended the word "offenses" in the effective date provision to refer only to illegal reentry Congress either would have stated that it was amending the definition of aggravated felony only as it applied to illegal reentry or would have included the effective date provision within the illegal reentry statute itself.

Our interpretation of the 1990 Amendment's effective date provision is further supported by careful examination of 8 U.S.C. § 1101, the statute where Congress placed the definition of "aggravated felony." As the district court noted, section 1101 is the general definition section for all of Chapter 12 in Title 8. The "aggravated felony" definition applies not only to the illegal reentry statute but also to other substantive sections throughout Chapter 12, which include, among others, section 1105a (governing judicial review of orders of deportation and exclusion), section 1158 (asylum procedures), and section 1182 (relating to excludable aliens).

It, therefore, makes no sense to interpret the word "offenses" in the effective date provision as referring only to the "offense" of illegal reentry. For us to interpret the effective date provision as referring only to the illegal reentry statute would mean that the 1990 Amendment's expanded definition of "aggravated felony" does not apply to those substantive sections in Chapter 12 which also refer to the term "aggravated felony." Such an interpretation would be contrary to Congress' stated intent that the definition of "aggravated felony" applies to all sections in Chapter 12 which use the term "aggravated felony." *See* 8 U.S.C. § 1101(a).

■ The government, however, argues that two recent Ninth Circuit decisions, *United States v. Ullyses–Salazar,* 28 F.3d 932, 938 (9th Cir.1994) and *United States v. Arzate–Nunez,* 18 F.3d 730, 734 (9th Cir. 1994), compel an opposite result. Relying on these two cases, the government argues that crimes of violence that occurred before the effective date of the 1990 Amendment fall within the definition of "aggravated felony" for purposes of the illegal reentry statute. Both *Ullyses–Salazar* and *Arzate–Nunez,* however, are inapposite.

In *Arzate–Nunez,* which we decided before *Ullyses–Salazar,* we held that a defendant's illegal reentry conviction did not violate the ex post facto clause, U.S. Const., art. I, § 9, cl. 3, even though the defendant committed the aggravated felony before the 1988 Act added the term "aggravated felony" to the illegal reentry statute. 18 F.3d at 734. We explained that

> [f]or purposes of analyzing repeat offender statutes and statutes increasing penalties for future crimes based on past crimes, the relevant "offense" is the current crime, not the predicate crime.

*Id.*

*Arzate–Nunez,* however, was decided under the 1988 version of 8 U.S.C. § 1101(a)(43), which, unlike the 1990 version, did *not* contain an effective date provision. Because Congress did not indicate in the 1988 Act whether or not the term "aggravated felony" applied retroactively, we performed a pure ex post facto analysis in *Arzate–Nunez.* Here, an ex post facto analysis is not necessary. Because Congress included an effective date provision in the 1990 Amendment, we are required to construe the

statute's language to determine Congress's intent.

The second case cited by the government, *Ullyses–Salazar*, presents a more difficult question. In *Ullyses–Salazar*, we did consider the 1990 Amendment in addressing a defendant's challenge to his sentence following a guilty plea for illegal reentry. The defendant in *Ullyses–Salazar* argued, for the first time on appeal, that his armed robbery conviction did not fall within the definition of "aggravated felony" because it occurred before November 29, 1990. We rejected defendant's argument, holding that it was "a reasonable extention of ... [the *Arzate–Nunez* ] holding, as well as the most obvious reading of the statute itself, that the relevant 'offense' for determining when a court should apply the amended definition of aggravated felony is the 'offense' of the illegal reentry itself, instead of the aggravated felony." 28 F.3d at 938–939.

Although the 1990 Amendment's effective date provision was before us in *Ullyses–Salazar*, the defendant in *Ullyses–Salazar*, as noted above, never raised the retroactivity issue in the district court. 28 F.3d at 938. Therefore, in *Ullyses–Salazar*, we applied the *deferential* plain error standard of review. Under the plain error standard, "we determine *only* 'whether there was a highly prejudicial error affecting substantial rights.'" *Id.* (citations omitted) (emphasis added). Because the question here involves the interpretation of a statute, the *Ullyses–Salazar* holding is not controlling, and we must apply the *non-deferential* de novo standard of review.

Further, as the district court noted, in *Ullyses–Salazar*, we overlooked the INS's interpretation of the effective date provision contained in the 1990 Amendment. On July 31, 1991, the INS issued the following Operations Instruction:

Applicability of the Term "Aggravated Felony" to Sections of the [Immigration and Nationality] Act. Unless otherwise limited in its application under a specific section of the Act, the term "aggravated felony," as defined in section 1101(a)(43) of the Act, applies to convictions entered before, on or after November 18, 1988 (the date of enactment of the Anti–Drug Abuse Act of 1988). *The only exceptions are the crimes* of money laundering, *non-political crimes of violence resulting in a sentence of at least five years imprisonment* and foreign convictions, *which must be committed on or after November 29, 1990* (the date of enactment of the Immigration Act of 1990).

INS Oper.Instr. 101.3 (Imm. Law Service Supp. Dec. 1994) (emphasis added).

■ Because the INS is charged with administering the Immigration and Nationality Act, we should defer to its interpretation of the 1990 Amendment. As we recently stated, "[a] court should accept the 'reasonable' interpretation of a statute chosen by an administrative agency except when it is *clearly* contrary to the intent of Congress." *Dioxin/Organochlorine Center v. Clarke*, 57 F.3d 1517, 1525 (9th Cir.1995) (emphasis added). *See also Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 843 n. 11, 104 S.Ct. 2778, 2782 n. 11, 81 L.Ed.2d 694 (1984) ("[t]he court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding"). In this case, the INS's interpretation of the effective date provision is reasonable and furthers Congress's stated intent that the expanded definition of "aggravated felony" in the 1990 Amendment only applies to crimes of violence that occur on or after November 29, 1990.

### IV

For the reasons set forth above, we affirm the district court's dismissal of Gomez's indictment under § 1326(b)(2).

AFFIRMED.

GOODWIN, Circuit Judge, dissenting:

I would like to concur in the opinion because I believe that it is a correct reading of the relevant statutes. However, I do not agree that this opinion can be squared with *United States v. Ullyses–Salazar*, 28 F.3d 932, 938 (9th Cir.1994). Whether *United States v. Ullyses–Salazar* was right or wrong

in its expansion of the holding in *United States v. Arzate–Nunez,* 18 F.3d 730 (9th Cir.1994), (which construed the 1988 statute rather than the 1990 statute now before this court), *Ullyses–Salazar* is the law of the circuit and should be followed, until an en banc court considers the conflict which I believe exists, and decides which law the district courts should follow in these recurring cases of returning deportees with aggravated felony convictions acquired prior to November 29, 1990.