**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David A. CAMPBELL, a/k/a Bruce M. Franklin, Defendant–Appellant.**

**No. 95–5432.**

United States Court of Appeals, Fourth Circuit.

Argued May 10, 1996.

Decided Aug. 23, 1996.

---

ARGUED: Jeffrey Earl Risberg, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Kathleen O'Connell Gavin, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** James K. Bredar, Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Joseph H. Young, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Before RUSSELL and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

Affirmed by published opinion. Senior Judge CHAPMAN wrote the opinion, in which Judge RUSSELL and Judge LUTTIG concurred.

## OPINION

CHAPMAN, Senior Circuit Judge:

Appellant, David A. Campbell, entered a plea of guilty to unlawfully reentering the United States after being deported, in viola-

tion of 8 U.S.C. § 1326. Prior to sentencing, the government filed timely notice that Campbell was subject to the enhanced penalty provisions of 8 U.S.C. § 1326(b)(2) and Sentencing Guidelines § 2L1.2(b)(2) because of his prior conviction for an aggravated felony (manslaughter). On May 12, 1995, the district court sentenced Campbell to 77 months imprisonment and found that the manslaughter conviction was a crime of violence and included in the definition of "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). Campbell appeals and argues that his underlying aggravated felony conviction occurred in August 1989 and was prior to the effective date, November 29, 1990, of the amendment that expanded the definition of "aggravated felony" to include crimes of violence, and thereby his prior manslaughter conviction. He contends that the amendment changing the definition of aggravated felony is not retroactive and cannot be applied to convictions prior to November 29, 1990. We find no merit to his position, and we affirm.

## I.

There is no dispute as to the facts. Campbell is a citizen of Jamaica, and he entered the United States legally in 1980. He was deported from the United States to Jamaica on July 9, 1991, subsequent to his conviction in the Circuit Court of Baltimore City of manslaughter on or about August 4, 1989, for which he received a sentence of eight years.

In December 1994, Campbell was arrested in Baltimore. At that time, he possessed a New Jersey identification card bearing his photograph and the name "Bruce M. Franklin." Subsequent fingerprint comparisons revealed his true identity, and further investigation disclosed that he had previously been deported and had reentered the United States without the Attorney General's authorization as required by law.

Appellant was indicted for unlawful reentry after deportation in violation of 8 U.S.C. § 1326 and entered into a plea agreement with the United States. In the plea agreement, both parties stipulated that the Sentencing Guidelines in effect as of November 1, 1994 applied, that the base offense level

was 8, and that Appellant should be given a 3 point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 if his adjusted offense level was 16 or higher, and a 2 point reduction if the base offense level was under 16.

The parties could not agree as to the applicability of the 16 level increase pursuant to U.S.S.G. § 2L1.2(b) based upon his unlawful reentry after being deported following his conviction of an aggravated felony. At sentencing, the district court found that the 16 level enhancement was appropriate because the amendment to the definition of aggravated felony was to be applied at the time of Campbell's arrest for reentry. This resulted in an adjusted base offense level of 21, after the 3 level reduction for acceptance of responsibility. The appellant had a bad prior criminal record and this produced a Category IV with a guideline range of 77—96 months. Under the plea agreement, the government agreed to recommend the low end of the guideline range, and the court imposed a sentence of 77 months. Campbell appeals and we affirm.

## II.

■ We review the district court's imposition of the 16 level increase *de novo* because it involves interpretation of a statute and this presents a question of law. *United States v. Jones,* 31 F.3d 1304, 1315 (4th Cir.1994).

■ Campbell's manslaughter conviction occurred in August 1989 and precipitated his deportation in 1991. Thereafter, he illegally reentered this country and was arrested in December 1994. His prior manslaughter conviction is an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(F) as amended in 1990. The issue presented here is whether Congress intended 8 U.S.C. § 1326(b)(2), which incorporates § 1101(a)(43)(F), to apply retroactively to a defendant convicted and deported prior to the amendments to § 1101(a)(43) made by the Immigration Act of 1990, which include the expanded definition of "aggravated felony" so as to include the manslaughter conviction.

In the Anti–Drug Abuse Act of 1988, the term "aggravated felony" did not include manslaughter. However, the Immigration Act of 1990 amended the definition to include "crimes of violence," as defined in 18 U.S.C. § 16, which would include manslaughter. The amendments also provide that they "shall apply to offenses committed on or after the date of the enactment of this Act." Pub.L. No. 101–649, § 501(b), 104 Stat. 4978, 5048.

In 1991, the Sentencing Guidelines were amended to reflect the increased penalties for conviction of illegal entry by a deported alien, and a 16 point upward adjustment was added to the base offense level of defendants who had been deported after being convicted of an aggravated felony.

In *United States v. Garcia–Rico,* 46 F.3d 8 (5th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 2596, 132 L.Ed.2d 843 (1995), a case of almost identical facts, the court held that the amended definition of § 1101(a)(43) applied to offenses committed on or after November 29, 1990 and that the relevant offense is the illegal reentry into this country and not the felonies committed prior to deportation. These prior convictions are merely used as enhanced penalties for those aliens who commit the underlying offense of unlawfully entering the United States after having been previously deported.

In *United States v. Crawford,* 18 F.3d 1173 (4th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 171, 130 L.Ed.2d 107 (1994), we held that prior convictions were not elements of the crime of illegal reentry but that Congress intended to create enhanced penalties for certain aliens who unlawfully reentered the United States after having been deported.

We find the Fifth Circuit's holding in *Garcia–Rico* to be more persuasive than that of the Ninth Circuit in *United States v. Gomez–Rodriguez,* 77 F.3d 1150 (9th Cir.1996), *(reh'g en banc granted,* 83 F.3d 1142 (9th Cir. 1996)), which held that the amendment to the definition of "aggravated felony" may not be applied to predicate convictions prior to November 29, 1990. The dissent in *Gomez–Rodriguez* calls attention to the fact that the decision attempts to overrule the Ninth Circuit's prior opinion in *United States v. Ullys-*

*es–Salazar,* 28 F.3d 932 (9th Cir.1994), which held that the offense referred to in the effective date section of the amendment is the offense of illegal reentry and not the felony convictions prior to deportation. *Gomez–Rodriguez,* 77 F.3d at 1154–55 (Goodwin, J., dissenting). The Ninth Circuit has voted to rehear *Gomez–Rodriguez* en banc.

■ We hold that the obvious intent of the amendment was to provide an effective date for the relevant offense of illegal reentry into the United States after deportation, and was not applicable to the predicate offenses that may be used to enhance the sentence. Any other reading would be at odds with one of the basic tenets of sentencing: a defendant's record of past criminal conduct is directly relevant in determining his sentence.

### III.

■ The sentence of 77 months is also valid under U.S.S.G. § 2L1.2(b)(2). The amendment to the Sentencing Guidelines was effective in November 1991, three years before the defendant was arrested for illegal reentry. Section 2L1.2(a) provides a base offense level of 8 for unlawful reentry into the United States after deportation, and subsection (b)(2) provides: "If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels." U.S.S.G. § 2L1.2(6)(2). The parties stipulated that the Sentencing Guidelines in effect on November 1, 1994 applied, and § 2L1.2(b)(2) was in effect at that time. In considering a sentence under § 2L1.2(b)(2), all prior aggravating felonies, no matter how ancient, are to be counted. *See United States v. Maul–Valverde,* 10 F.3d 544, 546 (8th Cir.1993).

We conclude that the sentence is legal and represents a proper interpretation of the statute, as amended, and of the guidelines.

*AFFIRMED.*