**UNITED STATES of America, Plaintiff,**

v.

**Obdulio LAZO–ORTIZ, Defendant.**

**No. 96–383–CR–LENARD.**

United States District Court,
S.D. Florida.

Oct. 18, 1996.

Yvonne Rodriguez–Schack, Assistant United States Attorney, Miami, Florida, for Plaintiff.

Mary Barzee, Assistant Federal Public Defender, Miami, Florida, for Defendant.

*ORDER ON DEFENDANT'S ADDITIONAL OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT AND SETTING DATE FOR CONCLUSION OF THE SENTENCING HEARING*

LENARD, District Judge.

THIS CAUSE came before the Court on the Defendant's Additional Objection to the

---

Presentence Investigation Report, filed August 29, 1996, and the Government's response thereto. Defendant Lazo–Ortiz pled guilty to the offense of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) on June 28, 1996. The Government seeks application of 8 U.S.C. § 1326(b)(2), a sentence enhancement provision that raises the maximum term of imprisonment for illegal reentry from two years under (a) to twenty years under (b)(2). *See United States v. Palacios–Casquete,* 55 F.3d 557 (11th Cir. 1995). 8 U.S.C. § 1326(b)(2) provides that "in the case of any alien described in [section (a) ] ... *whose deportation was subsequent to a conviction for commission of an aggravated felony,* such alien shall be fined under [Title 18], imprisoned not more than 20 years, or both (emphasis added)." Because Lazo–Ortiz was deported subsequent to a conviction for manslaughter, the Government would have Section 1326(b)(2) apply to the defendant. For the same reasons, the Government seeks application of United States Sentencing Guideline § 2L1.2(b)(2), which provides for a sixteen-level increase over the base offense level for defendants with a prior aggravated felony conviction.

Lazo–Ortiz objects to the application of the statutory and guideline enhancements because in 1990 when he committed the manslaughter offense, the statutory definition of "aggravated felony" did not include "crimes of violence" like the manslaughter offense. On this basis, Lazo–Ortiz asserts that neither 8 U.S.C. § 1326(b)(2) nor U.S.S.G. § 2L1.2(b)(2), both of which apply only to those defendants who have an aggravated felony conviction in their prior criminal history, are properly applied to him. Instead, Lazo–Ortiz asserts that the more modest ten year maximum term of imprisonment of 8 U.S.C. § 1326(b)(1) and four-level increase under U.S.S.G. § 2L1.2(b)(1) are applicable to him given his status as a defendant convicted of illegal reentry who has a prior felony conviction, rather than a prior aggravated felony conviction.

The general question posed by the parties is whether 8 U.S.C. § 1326(b)(1) or 8 U.S.C. § 1326(b)(2) is applicable to Lazo–Ortiz. With the passage of the Immigra-

tion Act of 1990, Pub.L. No. 101–649, § 501(a)(3), (b), 104 Stat. 4978, 5048, Congress amended the definition of "aggravated felony" found at 8 U.S.C. § 1101(a)(43) to include crimes of violence. The legislation specified that the amendment would "apply to offenses committed on or after the date of enactment (November 29, 1990). § 501(b), 104 Stat. at 5048. The more specific question raised by the parties therefore is whether Congress intended that the word "offenses" refer to the illegal reentry offense or instead to the violent crime offense. For example, if "offenses" refers to the illegal reentry offense, or the substantive offense, then Lazo–Ortiz would be eligible for the 8 U.S.C. § 1326(b)(2) enhancement because he committed the illegal reentry offense after November 29, 1990. If, however, Congress intended that "offenses" refer to the aggravated felony offense, or predicate offense, then Lazo–Ortiz would be eligible for the more minimal enhancement under 8 U.S.C. § 1326(b)(1) because he committed the manslaughter offense before it came to be considered an aggravated felony on November 29, 1990. The Court acknowledges that there is a conflict among the courts of appeal as to this question. *See* United States v. Gomez–Rodriguez, No. 95–10114, 1996 WL 538825 (9th Cir. Sept. 24, 1996) (en banc decision finding that term "offenses" refers to aggravated felony offense); *United States v. Campbell,* 94 F.3d 125 (4th Cir.1996) (term "offenses" refers to the illegal reentry offense); *United States v. Garcia–Rico,* 46 F.3d 8 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2596, 132 L.Ed.2d 843 (1995) (same).

However, neither the general question of whether (b)(1) or (b)(2) of 8 U.S.C. § 1326 applies to Lazo–Ortiz, nor the more specific question of what Congress meant by "offenses" in Section 501(b) of the Immigration Act of 1990 is directly faced by the Court on the specific facts of this case. The sentencing enhancements within Section 1326(b)(1) and (b)(2) merely place a "cap" on the length of imprisonment which an illegal reentry defendant may face. 8 U.S.C. § 1326(a) (two years); 8 U.S.C. § 1326(b)(1) (ten years); 8 U.S.C. § 1326(b)(2) (twenty years). On the

other hand, the Sentencing Guidelines provide for a base offense level of eight, to be increased by four levels if the defendant's criminal record discloses a felony conviction and by sixteen levels if the defendant's criminal record discloses an aggravated felony conviction. *See* U.S.S.G. § 2L1.2. The Guidelines, unlike the statute, do not depend on 8 U.S.C. § 1101(a)(43)'s definition of "aggravated felony" and its November 29, 1990 effective date. Instead, Application Note Seven to U.S.S.G. § 2L1.2 explains that the term "aggravated felony,"

> as used in subsection (b)(2) means ... *"any crime of violence* (as defined in 18 U.S.C. § 16, not including a purely political offense) *for which the term of imprisonment imposed* (regardless of the suspension of such imprisonment) *is at least five years ..."*

(emphasis added). U.S.S.G. § 2L1.2 became effective with respect to all sentencing proceedings held on November 1, 1991 or thereafter. Therefore, in enacting U.S.S.G. § 2L1.2, the Sentencing Commission made all defendants sentenced on or after November 1, 1991, who have an aggravated felony conviction eligible for the sixteen-level increase without regard to the date such felony was committed. Congress permitted U.S.S.G. § 2L1.2 to go into effect by failing to object to it within the 180 day period prescribed by 28 U.S.C. § 994(p).

Based on the foregoing, the Court finds that the sixteen-level increase provided for by U.S.S.G. § 2L1.2(b)(2) is applicable to Defendant Lazo–Ortiz insofar as his criminal record includes a conviction for a manslaughter offense committed in 1990. Further, the parties' dispute concerning the applicability of 8 U.S.C. § 1326(b)(1) or (b)(2) is irrelevant given that Lazo–Ortiz' guideline sentence does not come close to the ten year cap provided by 8 U.S.C. § 1326(b)(1). Therefore, it is

**ORDERED AND ADJUDGED** that defendant's objection is hereby overruled and this matter is set for continuation of the sentencing hearing previously recessed by the Court, on the 18th day of October, 1996, at 10:45 a.m.