**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5704

GARY ADKINS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5705

GARY ADKINS,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-95-72, CR-94-103)

Argued: June 7, 1996

Decided: December 5, 1996

Before RUSSELL, WIDENER, and MICHAEL, Circuit Judges.

_____

Affirmed by published opinion. Judge Widener wrote the opinion, in
which Judge Russell joined. Judge Michael wrote a concurring opin-
ion.

_____

**COUNSEL**

**ARGUED:** James Orlando Broccoletti, ZOBY & BROCCOLETTI, Norfolk, Virginia, for Appellant. Janet S. Reincke, Assistant United States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Norfolk, Virginia, for Appellee.

_____

**OPINION**

WIDENER, Circuit Judge:

The defendant appeals from the sentences imposed by the district court for his convictions of re-entry into the United States without the consent of the Attorney General, having previously been deported, under 8 U.S.C. § 1326; and for failure to appear for sentencing, in violation of 18 U.S.C. § 3146(a)(1). We affirm.

The facts underlying the offenses are not disputed. On January 27, 1988 Adkins was convicted in Magistrates Court, Durban, South Africa, for dealing in 11 kilograms of cannabis, for which he was sentenced to 20 months imprisonment and further two years imprisonment, which was conditionally suspended for a period of four years. On February 9, 1988, Adkins entered the United States without revealing to the government his conviction in South Africa for dealing cannabis. He applied for an adjustment of his work status as an immigrant, which was denied due to his January 27, 1988 conviction for dealing in cannabis. On December 8, 1989, he was ordered deported to South Africa by an immigration judge, and he voluntarily departed from the United States on December 13, 1989. On October 19, 1990 Adkins attempted to secure permission to re-enter the United States from South Africa, but permission was denied. Subsequent to December 13, 1989 and prior to May 28, 1992, Adkins illegally re-entered the United States, having previously been deported and without having obtained express consent from the Attorney General.[1]

_____

[1] Adkins says his re-entry was on or about September 15, 1991. (Brief, p. 8)

2

On July 28, 1994, the government filed a criminal information charging Adkins with unlawful re-entry, having previously been deported, under 8 U.S.C. § 1326. On that same date, Adkins pleaded guilty to that information under a written plea agreement and, after a continuance, his sentencing was set for November 1, 1994. Adkins did not appear, however, for his sentencing, and he was later arrested by the Coast Guard off the coast of North Carolina on April 13, 1995.

Due to a disagreement between the government and the defendant over the sentence which might be imposed, the district court on July 24, 1995, permitted Adkins to withdraw his guilty plea, entered July 28, 1994, to the information of July 28, 1994. In the meantime, Adkins had been indicted on April 26, 1995 for failing to report for sentencing in violation of 18 U.S.C. § 3146(a)(1); and had pleaded guilty to that indictment on June 2, 1995.

Adkins, on July 24, 1995, then pleaded guilty again, this time not under any plea agreement, to the July 28, 1994 information charging unlawful re-entry. A sentencing hearing on both charges, illegal re-entry and failing to appear, was held August 29, 1995. The district court held that Adkins was guilty of an aggravated felony under § 1326(b)(2). It sentenced him to 46 months in prison on the illegal re-entry count, and 11 months in prison on the failure to appear count, to run consecutively.

Under § 1326(b)(2), as amended in 1988, for a violation of § 1326, subsequent to a conviction for an aggravated felony, the punishment was a fine and imprisonment not to exceed 15 years or both. That statute was amended in 1994 to increase the imprisonment to 20 years. The 15 year limit would apply in this case.

In 1990, 8 U.S.C. § 1101(a)(43) was amended to include in the definition of an aggravated felony in § 1326(b)(2) illicit trafficking in a controlled substance, even in violation of foreign law. The effective date of the 1990 amendment provided that it "shall apply to offenses committed on or after the date of the enactment of this Act . . . ." § 501(b), P. L. 101-649, 104 Stat. 4978, 5048.

Adkins argues that his drug trafficking conviction in South Africa does not constitute an aggravated felony conviction because the South

3

African conviction was in 1988 and the effective date of the 1990 amendment was November 29, 1990.

We held only recently, however, in United States v. Campbell, 94 F.3d 125, (4th Cir. 1996), that the effective date of the 1990 amendments "was to provide an effective date for the relevant offense of illegal re-entry into the United States after deportation, and was not applicable to the predicate offenses that may be used to enhance the sentence." 94 F.3d at 128. Therefore, Adkins' argument in this respect is foreclosed, according to his own statement, his re-entry date was about September 15, 1991.

So far as Adkins also argues that the provision with respect to foreign offenses making up aggravated felonies applies only if the sentences for them are at least five years, we are of opinion that argument is without merit. The fact that his South African conviction was for drug trafficking, as the question is presented here, is sufficient to make that offense an aggravated felony under § 1326(b)(2) and § 1101(a)(43).

The first time Congress specified a term of imprisonment for a crime to be considered an aggravated felony, it did so in the 1990 amendment to § 1101(a)(43). In 1988, Congress first defined an aggravated felony as murder, drug trafficking, illegal trafficking in firearms or destructive devices, or any attempt or conspiracy to commit these crimes. Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 7342, 101 Stat. 4181, 4469-70. Congress did not include any required term of imprisonment. In 1990, Congress expanded the definition to include illicit trafficking in any controlled substance, money laundering, and "any crime of violence . . . for which the term of imprisonment imposed . . . is at least 5 years." Immigration Act of 1990, Pub. L. No. 101-649, § 501(a), 104 Stat. 4978, 5048. Without any indication that Congress intended to apply the five year limitation to all of the listed crimes, it is clear that the five year term restriction applies only to crimes of violence.[2] See United States v. Andrino-

_____

[2] While not relying on a subsequent amendment as evidence of prior Congressional intent, we note that the Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416,§ 222(a), 108 Stat. 4305, 4320-22, clarifies without a doubt that the five year term of imprisonment restriction applies only to crimes of violence. See 8 U.S.C. § 1101(a)(43)(A)-(F).

4

Carillo, 63 F.3d 922, 925 (9th Cir. 1995), cert. denied, 64 U.S.L.W. 3467 (U.S. Jan. 8, 1996).

Finally, Adkins appeals the district court's application of the sentencing guidelines to his failure to appear charge. Adkins' complaint rests with the fact that the court determined that his South African drug conviction qualified as an aggravated felony under the statute. As we have seen, that determination was proper. Because the foreign conviction is an aggravated felony, the court's application of the sentencing guidelines to Adkins' failure to appear charge was also proper.

The judgment of the district court is accordingly

AFFIRMED.

MICHAEL, Circuit Judge, concurring:

I concur in the majority opinion. Because we are bound by our circuit's recent panel opinion in United States v. Campbell, 94 F.3d 125 (4th Cir. 1996), I accept the majority's determination that the November 29, 1990, effective date of the amendments to 8 U.S.C. § 1101(a)(43) applies to Adkins' offense of illegal entry, which occurred in September 1991, and not to his predicate offense of dealing cannabis, which occurred in South Africa in 1988. If Campbell was not on the books, I would vote that the 1990 effective date provision applies to the aggravated felonies (such as Adkins' foreign drug offense) added in the amended section, § 1101(a)(43), and not to Adkins' offense of illegal entry, which is covered by a different section, § 1326(b)(2). I would have supported such a vote on the reasoning of United States v. Gomez-Rodriguez, 96 F.3d 1262 (9th Cir. 1996) (en banc).

5