**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 97-4042

VICTOR ANTONIO SALGADO-CAMPOS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-96-220-A)

Submitted: December 11, 1997

Decided: December 31, 1997

Before HALL and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul P. Vangellow, BABIRAK, ALBERT, VANGELLOW & CARR,
P.C., Falls Church, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, Elizabeth A. Jex, Special Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals his conviction and sentence for unlawful reentry into the United States after deportation without the express consent of the United States Attorney General, in violation of 18 U.S.C. §§ 1326(a), (b)(1) (1994), and the unlawful and knowing making of an application for immigration benefits, in violation of 8 U.S.C. § 1001 (West Supp. 1997). Following the jury's guilty verdict, the district judge sentenced Appellant to forty-six months on each count to run concurrently, a two-year supervised release term, and a $100 special assessment.

Appellant first claims error in the district court's denial of his Fed. R. Civ. P. 29 motion, asserting that because he obtained a visa, he could not be prosecuted under § 1326. We review his motion for acquittal on the ground of insufficiency of the evidence in the light most favorable to the prosecution, and according the benefit of all reasonable inferences to the government. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We find that the government met its burden of proving its prima facie case under § 1326. Testimony was presented that Appellant did not have the permission of the Attorney General to enter the country, and that the visa he possessed was not valid, having been based upon a fraudulent visa application which contained his admittedly willful misrepresentation that he had no prior felony conviction. Moreover, evidence was presented at trial that the visa Appellant possessed allowed him merely to deplane and be interviewed by the Immigration and Naturalization Service for admittance into the United States, and that any "entry" into the United States was based upon his visa application, and was only to the extent necessary to deplane and be interviewed. On this evidence, we find that a rational trier of fact could have found Appellant guilty beyond a reasonable doubt. See Glasser v. United States , 315 U.S. 60, 80 (1942).

2

Appellant also alleges that the district court clearly erred in imposing a sixteen-point enhancement to his offense level, claiming a violation of the <u>Ex Post Facto</u> Clause. This claim is without merit. <u>See</u> <u>United States v. Campbell</u>, 94 F.3d 125, 126 (4th Cir. 1996).

Accordingly, we affirm Appellant's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3