**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4082

ADOLFO HERNANDEZ-DIAZ,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4083

ADOLFO HERNANDEZ-DIAZ,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-97-176, CR-97-177)

Submitted: December 22, 1998

Decided: January 21, 1999

Before WIDENER, WILKINS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States

Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Adolfo Hernandez-Diaz entered guilty pleas to two separate indictments charging him with distribution of marijuana and possession of marijuana with intent to distribute, see 21 U.S.C. § 841(a) (1994), and re-entry after deportation for an aggravated felony, see 8 U.S.C.A. § 1326(a), (b)(2) (West Supp. 1998). The district court imposed a sentence of seventy months.* Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that in his view there are no meritorious issues. Hernandez-Diaz has been informed of his right to file a pro se supplemental brief but has not filed a brief. After a review of the record, we affirm.

In 1990, Hernandez-Diaz was deported after being convicted in Texas on a state charge of felonious distribution of cocaine. In 1995, Hernandez-Diaz illegally re-entered the United States. In 1997, Hernandez-Diaz pled guilty to the instant federal drug charges and to illegal re-entry. In computing his sentence, the district court enhanced his base offense level by sixteen levels because Hernandez-Diaz illegally entered the country after being deported for an aggravated felony. See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (1997). Because a 1990 amendment to 8 U.S.C.A. § 1101(43) (West Supp. 1998) expanded the definition of "aggravated felony" found in § 1326(b)(2) to include state drug convictions, and the conduct underlying the 1990 Texas conviction occurred before the amendment,

_____

*The district court later reduced the sentence to 50 months pursuant to a government motion filed under Fed. R. Crim. P. 35(b).

2

Hernandez-Diaz suggests in his Anders brief that the enhancement violated the Ex Post Facto Clause.

The Ex Post Facto Clause prohibits any law that applies to events which occurred before its enactment "which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime after its commission[;] or which deprives one charged with crime of any defense available according to law at the time when the act was committed." Plyler v. Moore, 129 F.3d 728, 734 (4th Cir. 1997), cert. denied, 118 S. Ct. 2359 (1998) (quoting Beazell v. Ohio, 269 U.S. 167, 169 (1925)).

The amendment in question here applies to "offenses committed on or after the date of the enactment of [the] Act." Pub. L. No. 101-649, § 501(b), 104 Stat. 4978, 5048. The amendment took effect on November 29, 1990. Hernandez-Diaz illegally re-entered the country in 1995, well after the amendment took effect. The amendment thus applied in his case. Further, the Supreme Court has held that § 1326(b)(2) is a penalty provision and not an element of a separate crime, see Almendarez-Torres v. United States , 118 S. Ct. 1219 (1998), and this court has held that the amendment does not apply to predicate offenses that may be used to enhance a sentence for illegal re-entry. See United States v. Campbell, 94 F.3d 125, 128 (4th Cir. 1996), cert. denied, 117 S. Ct. 1847 (1997). Consequently, Hernandez-Diaz's argument is without merit.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. We deny counsel's motion for leave to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argu-

3

ment would not aid the decisional process.

 AFFIRMED

4