UNITED STATES of America,
Plaintiff–Appellee,

v.

Mario Roberto FUENTES–BARAHONA,
Defendant–Appellant.

No. 95–50307.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 1996 *.

Submission Deferred March 7, 1996.

Resubmitted Nov. 4, 1996.

Memorandum filed Nov. 22, 1996.

Memorandum withdrawn April 9, 1997.

Decided April 9, 1997.

Ronald L. Cheng, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellee.

Maria E. Stratton, Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Before: PREGERSON and T.G. NELSON, Circuit Judges, and LYNCH, District Judge.**

OPINION

PER CURIAM:

Appellant Mario Roberto Fuentes–Barahona ("Fuentes") appeals his eighty-month sentence for illegal reentry under 8 U.S.C. § 1326(b)(1). The district court enhanced Fuentes's base offense level by sixteen levels because the court believed that his 1984 state court conviction was a "crime of violence" that qualified as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(2). Fuentes argues that the district court erred because U.S.S.G. § 2L1.2(b)(2) only applies to a "crime of violence" committed on or after November 29, 1990. We agree.

*Background*

In 1984, Fuentes was convicted in California state court for violating California Penal Code § 288. Fuentes was sentenced to eight years imprisonment. After serving his prison term, Fuentes was deported because he was in the United States illegally. Fuentes illegally reentered the United States. He was then arrested and charged under 8 U.S.C. § 1326(b)(1) with illegal reentry after deportation "subsequent to a conviction for . . . a felony."

* The panel unanimously found this case suitable for decision without oral argument. Fed.R.App. 34(a) and 9th Cir.R. 34–4.

** The Honorable Eugene Lynch, United States District Judge for the Northern District of California, sitting by designation.

On March 15, 1995, Fuentes pled guilty to one count of violating 8 U.S.C. § 1326(b)(1). The district court calculated a net offense level of 21 for Fuentes by: (1) starting with a base offense level of eight under U.S.S.G. § 2L1.2(a); (2) increasing the base offense level by sixteen levels under U.S.S.G. § 2L1.2(b)(2) for his 1984 state conviction; and (3) reducing the base offense level by three levels for acceptance of responsibility under U.S.S.G. § 3E1.1.

The district court sentenced Fuentes to eighty months imprisonment.

### Standard of Review

■ We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Robinson,* 94 F.3d 1325, 1327 (9th Cir.1996).

### Analysis

Sentencing Guideline § 2L1.2 governs sentencing for convictions under 8 U.S.C. § 1326. Sentencing Guideline § 2L1.2(b) calls for a sentencing enhancement if one of the following "Specific Offense Characteristics" applies:

(1) If the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels.

(2) If the defendant previously was deported after a conviction for an *aggravated felony,* increase by 16 levels.

U.S.S.G. § 2L1.2(b) (emphasis added).

Application Note 7 to U.S.S.G. § 2L1.2 defines "aggravated felony" to mean "any crime of violence ... for which the term of imprisonment imposed ... is at least five years."[1] Application Note 7 directs sentencing courts to *"[s]ee* 8 U.S.C. § 1101(a)(43)."* Section 1101(a)(43)(F) also defines an "aggravated felony" as "a crime of violence ... for which the term of imprisonment imposed ... is at least five years."

Under 8 U.S.C. § 1101(a)(43)(F), however, only a "crime of violence" committed on or after November 29, 1990, is an "aggravated

felony" because of the effective date provision that applies to that code section. Pub.L. No. 101–649, § 501(b), 104 Stat. at 5048 (stating that only a "crime of violence" committed *"on or after* [November 29, 1990]" would qualify as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F)); *see also United States v. Gomez–Rodriguez,* 96 F.3d 1262, 1264–65 (9th Cir.1996) (en banc) (affirming district court's decision that "crime of violence" under 8 U.S.C. § 1101(a)(43) could qualify as an "aggravated felony" only if committed after November 29, 1990).

By directing a sentencing court to look to 8 U.S.C. § 1101(a)(43), Application Note 7 arguably indicates that there is a time restriction on the "crime of violence" definition so that only a "crime of violence" committed on or after November 29, 1990, qualifies as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(2).

■ The parties do not dispute that a conviction under California Penal Code § 288 for an offense committed *on or after* November 29, 1990, is a conviction for a "crime of violence" that would qualify as a conviction for an "aggravated felony" under U.S.S.G. § 2L1.2(b)(2). The question before us is whether Fuentes's *1984* conviction qualifies as a conviction for an "aggravated felony" under U.S.S.G. § 2L1.2(b)(2).

The November 29, 1990, effective date provision that applies to 8 U.S.C. § 1101(a)(43)(F) was in the books when the Sentencing Commission drafted Application Note 7 in November 1991. Application Note 7 directs sentencing courts to "see" 8 U.S.C. § 1101(a)(43). The direction to "see" 8 U.S.C. § 1101(a)(43) therefore suggests that the November 29, 1990, effective date for a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F) should apply to U.S.S.G. § 2L1.2 as well.

That direction—at the very least—created an ambiguity as to whether the November 29, 1990, effective date also applies to U.S.S.G. § 2L1.2. The Sentencing Commission did not clearly indicate that the effective

---

**1.** Application Note 7's definition of "aggravated felony" includes several other offenses, none of which are at issue here.

date provision *should* apply. On the other hand, the Sentencing Commission did not clearly indicate that this effective date provision should *not* apply.[2]

■ Doubts about the correct interpretation of U.S.S.G. § 2L1.2 should be resolved according to the rule of lenity. The rule of lenity applies to the Sentencing Guidelines. as well as to penal statutes. *United States v. Martinez,* 946 F.2d 100, 102 (9th Cir.1991) (noting that "the rule of lenity requires that we infer the rationale most favorable to the [defendants] and construe the guidelines accordingly"). If U.S.S.G. § 2L1.2 is unclear as to the applicability of the November 29, 1990, effective date, we must accord defendants the benefit of the doubt. *United States v. Helmy,* 951 F.2d 988, 996 (9th Cir.) (stating the general rule that ambiguities in criminal statutes must be resolved in favor of lenity), *cert. denied,* 504 U.S. 945, 112 S.Ct. 2287, 119 L.Ed.2d 211 (1992). Accordingly, we conclude that a "crime of violence" that occurred *before* November 29, 1990, does not qualify as an "aggravated felony" for sentencing enhancement purposes under U.S.S.G. § 2L1.2(b)(2).[3]

We therefore vacate the district court's sixteen-level enhancement of Fuentes's sentence under U.S.S.G. § 2L1.2(b)(2) and re-

mand for resentencing consistent with this opinion.

VACATED and REMANDED.

---

**2.** The question whether the effective date provision in 8 U.S.C. § 1101(a)(43)(F) applies to U.S.S.G. § 2L1.2 has not arisen in circuits that do not follow our reasoning in *Gomez–Rodriguez* that a "crime of violence" committed before November 29, 1990, cannot qualify as an "aggravated felony" under 8 U.S.C. § 1326(b)(2). *See United States v. Campbell,* 94 F.3d 125, 128 (4th Cir.1996) (holding that a "crime of violence" that occurred before November 29, 1990, is an "aggravated felony" under 8 U.S.C. § 1326(b)(2)); *United States v. Garcia–Rico,* 46 F.3d 8, 10 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2596, 132 L.Ed.2d 843 (1995) (same); *United States v. Maul–Valverde,* 10 F.3d 544, 545 (8th Cir.1993) (affirming defendant's conviction under 8 U.S.C. § 1326(b)(2) even though defendant's "crime of violence" occurred before November 29, 1990).

**3.** The Seventh Circuit concluded in *United States v. Munoz–Cerna,* 47 F.3d 207 (7th Cir.1995), that the effective date provision of 8 U.S.C. § 1101(a)(43)(F) does not apply to the definition of a "crime of violence" in U.S.S.G. § 2L1.2. That decision's reasoning, however, is unpersuasive.

In *Munoz–Cerna,* the court based its conclusion on its view that there was no symmetrical relationship between 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2. *Id.* We agree with that narrow proposition. *See United States v. Pena–Carrillo,* 46 F.3d 879, 884 (9th Cir.) (rejecting notion that subsections of U.S.S.G. § 2L1.2 should only apply to the corresponding subsections of 8 U.S.C. § 1326), *cert. denied,* —— U.S. ——, 115 S.Ct. 1990, 131 L.Ed.2d 876 (1995). *Munoz–Cerna,* however, does not address the fundamental issue whether the Sentencing Commission intended that the effective date provision applicable to a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F) should also apply to the "crime of violence" definition in U.S.S.G. § 2L1.2.

The court in *Munoz–Cerna* also asserted that the Guidelines normally operate retrospectively. 47 F.3d at 211 n. 8. Knowing how the Guidelines function in most situations, however, provides little guidance in addressing how the Guidelines should work in the present case. Here, the application note to the guideline expressly directs the sentencing court to look to the underlying penal statute where the definition of a "crime of violence" is prospectively applied.