113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee/Cross-Appellant,
v.
Angel MARTINEZ-ROMERO, Defendant-Appellant/Cross-Appellee.
 Nos. 95-50382, 95-50419.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1996.
Submission Withdrawn Feb. 13, 1996.
Resubmitted Dec. 4, 1996.
Memorandum Filed Jan. 10, 1997.
Memorandum Withdrawn April 9, 1997.
Decided May 16, 1997.
 
 1
 Before: WALLACE and T.G. NELSON, Circuit Judges, and BROWNING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Martinez-Romero appeals from his sentence by the district court, arguing that the court erred in holding that an "aggravated felony" need not have been committed after the effective date of the 1990 amendments to 8 U.S.C. § 1101(a)(43) to enhance a sentence under U.S.S.G. § 2L1.2(b)(2) for a violation of 8 U.S.C. § 1326(b)(1). The government cross-appeals, arguing error in the district court's holding that an "aggravated felony" must have occurred after the 1990 amendments to 8 U.S.C. § 1101(a)(43) to violate 8 U.S.C. § 1326(b)(2). The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1292 and 18 U.S.C. § 3742, and we affirm the conviction and vacate the sentence and remand.
 
 
 4
 We dispose of the cross-appeal first. The government contends that the district court erred in concluding that Martinez-Romero's November 18, 1990, assault with a deadly weapon did not constitute an "aggravated felony" under Section 1326(b)(2). However, United States v. Gomez-Rodriguez, 96 F.3d 1262, 1263 (9th Cir.1996) (en banc), held that an assault conviction occurring before November 29, 1990, the effective date of the amendments, could not qualify as an aggravated felony under Section 1326(b)(2). Since Martinez-Romero's assault occurred on November 18, 1990, Gomez-Rodriguez controls and defeats the government's cross-appeal.
 
 
 5
 In United States v. Fuentes-Barahona, No. 95-50307, 1997 WL 169937 (9th Cir. Apr. 9, 1997), we held that an "aggravated felony" for purposes of U.S.S.G. § 2L1.2 had to be committed after November 29, 1990. Since Martinez-Romero's commission of the crime of assault with a deadly weapon occurred prior to that date, that crime did not qualify as an aggravated felony for purposes of Section 2L1.2. Therefore Martinez-Romero's offense level should not be adjusted pursuant to that section.
 
 
 6
 The sentence is VACATED and the case is REMANDED to the district court for further proceedings.
 
 
 7
 The motion for bail pending appeal is DENIED.
 
 
 
 *
 Honorable William D. Browning, United States District Judge, District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3