117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee/Cross-Appellant,
v.
Ernesto Alonzo CERVANTES-MURILLO, aka Jorge
Banderas-Rodriguez, Jorge Cervantes-Murillo,
Defendant-Appellant/Cross-Appellee.
 Nos. 96-50333, 96-50366.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1997.
July 3, 1997.
 
 1
 Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER, District Judge.**
 
 
 2
 MEMORANDUM*
 
 
 3
 Appellant/Cross-Appellee Ernesto Cervantes-Murrillo was convicted under 8 U.S.C. § 1326(a) and (b)(1) for illegal reentry after deportation "subsequent to a conviction for a commission of ... a felony." The district court imposed a 27-month sentence. Cervantes-Murrillo appeals the district court's denial of a 2-point reduction under U.S.S.G. § 3E1.1(a). The government appeals the district court's denial of a 16-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(2).
 
 1. U.S.S.G. § 3E1.1(a )
 
 4
 The panel need not determine whether Cervantes-Murillo's decision to go to trial in this case disqualified him for a 2-point reduction under U.S.S.G. § 3El.1. In denying Cervantes-Murillo the reduction, the district court essentially concluded that Cervantes-Murillo did not demonstrate contrition, a requirement under U.S.S.G. § 3El.1. United States v. Sitton, 968 F.2d 947, 962 (9th Cir.1992), cert. denied, 507 U.S. 929 (1993). The district court did not clearly err because its determination that Cervantes-Murillo did not demonstrate genuine contrition was not "without foundation." Cervantes-Murillo presents no compelling argument to show the district court's conclusion to be clearly erroneous.
 
 2. U.S.S.G. 9 2L1.2(b) (2 )
 
 5
 This court's decision in United States v. Fuentes-Barahona, 111 F.3d 651, 653 (9th Cir.1997), held that sentencing courts may not enhance a sentence under U.S.S.G. § 2L1.2(b)(2) by using an aggravated felony committed before November 29, 1990. Therefore, the district court did not commit error in refusing the government's request to adjust Cervantes's sentence upward by sixteen levels under U.S.S.G. § 2L1.2(b)(2).
 
 
 6
 Affirmed.
 
 
 
 **
 The Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of New York, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3