# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4326

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Trinidad Cazares-Gonzalez, | * | |
| | * | [TO BE PUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 5, 1998

Filed: August 14, 1998

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Trinidad Cazares-Gonzalez, a citizen of Mexico, appeals from the final judgment entered in the United States District Court for the District of Minnesota[1] upon his guilty plea to being found in the United States on April 7, 1997, after having been deported following a conviction for aggravated rape, in violation of 8 U.S.C. § 1326(b)(2). The district court sentenced him to 77 months imprisonment and three years supervised release. For reversal, Cazares-Gonzalez argues that his prior aggravated rape

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

conviction was not an "aggravated felony" for purposes of enhancing his sentence under the Guidelines. For the reasons discussed below, we affirm the judgment of the district court.

Applying the 1995 Guidelines, the probation officer who prepared the presentence report (PSR) added 16 levels to Cazares-Gonzalez's base offense level under U.S.S.G. § 2L1.2(b)(2) (1995), [2] which requires the increase when the offender "was deported after a conviction for an aggravated felony." The probation officer concluded that the increase applied because Cazares-Gonzalez's 1978 aggravated rape conviction, for which he had been sentenced to imprisonment for two to twenty years, was an aggravated felony. Cazares-Gonzalez objected, contending that his rape conviction was not an aggravated felony, but the district court disagreed and applied the 16-level increase. After de novo review, see United States v. Eagle, 133 F.3d 608, 611 (8th Cir. 1998) (conducting de novo review where question involved legal interpretation of Guidelines term), we conclude that the district court's ruling was correct.

The definition of "aggravated felony" appears both in the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. (the Act), and in the Guidelines, as the basis for increased penalties for illegal reentry offenses. In 1988, when Congress first established the increased penalty in the Act--providing in 8 U.S.C. § 1326(b)(2) (1988) for imprisonment of up to 15 years when the alien had been removed following a conviction for an aggravated felony--"aggravated felony" was defined to include only murder, as well as some drug and gun offenses. See 8 U.S.C. § 1101(a)(43) (1988). In 1990, Congress expanded the definition to include nonpolitical crimes of violence for which the defendant was sentenced to at least five years imprisonment, see 8 U.S.C.

---

[2]Under the November 1, 1997 Guidelines, this section has been renumbered as § 2L1.2(b)(1)(A).

§ 1101(a)(43) (1994),[3] but the expanded definition was made to apply only to aggravated felonies committed after the effective date of the 1990 amendment (a restriction which would exclude Cazares-Gonzalez's 1978 rape conviction).  See United States v. Baca-Valenzuela, 118 F.3d 1223, 1225-26, 1228 (8th Cir. 1997) (tracing history of penalty provisions of § 1326).  In 1996 Congress again broadened the definition by providing, among other things, that § 1101(a)(43)'s definition of aggravated felony applied regardless of the age of the conviction.  See Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208, § 321(b), 110 Stat. 3009, 3009-628 (1996) (codified as amended at 8 U.S.C. § 1101(a)(43) (1994 & Supp. II)).

Effective November 1, 1991, the Sentencing Commission adopted a Guidelines definition of aggravated felony that followed § 1101(a)(43)'s definition of aggravated felony, as it read after the 1990 amendment, with one significant difference:  the Guidelines definition did not specify any restriction on the age of those felonies qualifying as aggravated felonies--it merely concluded with a general reference to § 1101(a)(43).[4]  See U.S.S.G. App. C at 189, Amendment No. 375.  Effective

---

[3]Under 8 U.S.C. § 1101(a)(43) (1994), the amended definition of "aggravated felony" included, among other crimes: "a crime of violence (as defined in section 16 of title 18, but not including a purely political offense) for which the term of imprisonment imposed . . . is at least 5 years."

Under 18 U.S.C. § 16, a "crime of violence" includes "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

[4]The November 1995 Guidelines defined "aggravated felony" in commentary as

murder; any illicit trafficking in any controlled substance (as defined in 21 U.S.C. § 802), including any drug trafficking crime as defined in 18 U.S.C. § 924(c)(2); any illicit trafficking in any firearms or destructive devices as defined in 18 U.S.C. § 921; any offense described in 18 U.S.C.

November 1, 1997, the Guidelines definition was amended to provide that "'Aggravated felony,' is defined at 8 U.S.C. § 1101(a)(43) without regard to the date of conviction of the aggravated felony." Id. at 411, Amendment No. 562.

The Guidelines generally instruct courts to apply the Guidelines Manual in effect on the date the defendant is sentenced. See U.S.S.G. § 1B1.11(a) (1997). And under the 1997 Guidelines--the Guidelines in effect when the district court sentenced Cazares-Gonzalez in December 1997--the 1978 rape conviction clearly was an aggravated felony warranting the 16-level enhancement. In addition, the rape conviction qualified as an aggravated felony under the Act, as amended in 1996.

Cazares-Gonzalez argued at sentencing, however, that applying the 1997 Guidelines to him would constitute an ex post facto violation, because under the prior Guidelines his rape conviction was *not* an aggravated felony, and he had committed the instant offense before the effective date of the 1997 Guidelines. See United States v. Bell, 991 F.2d 1445, 1452 (8th Cir.1993) (Ex Post Facto Clause is violated if defendant is sentenced under Guidelines in effect at time of sentencing when those Guidelines produce sentence harsher than one permitted under Guidelines effect at time crime is committed). On appeal, Cazares-Gonzalez also addresses the 1996 statutory amendment, which the parties were unaware of at sentencing. He argues that, although

---

§ 1956 (relating to laundering of monetary instruments); any crime of violence (as defined in 18 U.S.C. § 16, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years; or any attempt or conspiracy to commit any such act. The term "aggravated felony" applies to offenses described in the previous sentence whether in violation of federal or state law and also applies to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years. See 8 U.S.C. § 1101(a)(43).

U.S.S.G. § 2L1.2, comment. (n.7) (1995) (Amendment No. 375).

his rape conviction may have qualified as an aggravated felony under the Act as amended in 1996, the issue in this case is the proper interpretation of "aggravated felony" under U.S.S.G. § 2L1.2. He argues that the Commission adopted the Guidelines definition applicable to his case in 1991, and that the 1996 statutory amendment had no effect on the then-existing Guidelines definition.

In support of his interpretation of the pre-1997 Guidelines definition of aggravated felony, Cazares-Gonzalez urged the district court to follow United States v. Fuentes-Barahona, 111 F.3d 651, 652-53 (9th Cir. 1997) (per curiam), in which the Ninth Circuit, construing the Guidelines definition adopted in 1991, concluded that a crime of violence committed before November 1990 did not qualify as an aggravated felony for purposes of § 2L1.2(b)(2). The Ninth Circuit concluded that it was appropriate to apply the rule of lenity because, by referring a sentencing court to § 1101(a)(43), the Guidelines commentary "arguably indicate[d] that there [was] a time restriction on the 'crime of violence' definition." See 111 F.3d at 652. In rejecting Cazares-Gonzalez's argument, the district court followed the Seventh Circuit's contrary view. See United States v. Munoz-Cerna, 47 F.3d 207, 207-09, 212 (7th Cir. 1995) (defendant's sentence could be enhanced under U.S.S.G. § 2L1.2(b)(2) based on conviction for attempted armed robbery in 1987).

We conclude Munoz-Cerna represents the better view. In Munoz-Cerna, 47 F.3d at 211, the Seventh Circuit concluded that there was no indication the Commission intended the specific offense characteristics in U.S.S.G. § 2L1.2(b) to "be read as directly correlated to the various subsections of § 1326." Noting the different effective dates in § 1101(a)(43) and U.S.S.G. § 2L1.2(b), among other things, the court was persuaded that, while Congress had preferred to make the Act's 15-year sanction prospective, it had been "content in approving the guideline to employ the normal pattern and to permit the provision to have retrospective effect in the sense that all previous felonies could be brought within its scope." Id. at 212. Recently the Eleventh Circuit, also construing the 1991 Guidelines definition of aggravated felony, agreed that

U.S.S.G. § 2L1.2 stands independently of § 1326, and that therefore "a previous offense may be an 'aggravated felony' for the purpose of the 16-level enhancement in the guideline while not qualifying for the statutory enhancement at 8 U.S.C. § 1326(b)(2)." See United States v. Lazo-Ortiz, 136 F.3d 1282, 1285 (11th Cir. 1998) (footnote omitted), petition for cert. filed, No. 97-9478 (U.S. June 8, 1998).

Because we agree with the views of the Munoz-Cerna and Lazo-Ortiz courts, we conclude Cazares-Gonzalez's prior rape conviction constituted an "aggravated felony" under the Guidelines definition adopted in 1991. Thus, the district court properly rejected his ex post facto argument and applied the contested 16-level increase.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.