**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN ESCARINO-CARRILLO,

Defendant-Appellant.

No. 99-4076

D. Utah

(D.C. No. 98-CR-0543-C)

---

**ORDER AND JUDGMENT** *

---

Before **, BALDOCK** , **HENRY** and **LUCERO** , Circuit Judges.

---

Mr. Escarino-Carrillo entered a plea of guilty to a charge of unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326. On appeal, he contests a sixteen-point sentencing enhancement made pursuant to USSG

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§2L1.2(b)(1)(A) by the district court as a result of his aggravated felony convictions that preceded his deportation. [1]

Mr. Escarino-Carrillo seeks a downward departure based on the date of the prior aggravated felony convictions, which preceded the effective dates of amendments to the definition of "aggravated felony" in the Immigration and Nationality Act ("INA"). See generally United States v. Baca-Valenzuela, 118 F.3d 1223, 1225-26 (8th Cir. 1997) (summarizing various 1988, 1990, and 1991 statutes and amendments that amended provisions on illegal reentry after deportation). We have squarely decided that the definition of "aggravated felony" includes convictions occurring before the November 29, 1990 effective date of amendments to the INA. See United States v. Aranda-Hernandez, 95 F.3d 977, 983 (10th Cir. 1996) ("We . . . hold that the aggravated felony enhancement applies to all past aggravated felonies, regardless of the date committed.").

"[B]ecause the offense charged is [Mr. Escarino-Carrillo's] illegal reentry, not the aggravated felony," there is no violation of the Ex Post Facto Clause, U.S. Const. art. I, § 9. Id. Several other circuits have held the same. See United States v. Lozano, 138 F.3d 915, 916-17 (11th Cir. 1998) ("At the time of the

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

commission of [the offense of illegally reentering the country], the penalties were unambiguous, and any subsequent changes have not be applied to [defendant's] detriment."); Baca-Valenzuela, 118 F.3d at 1230 ("Congress intended [the defendant's] 1987 drug conviction to be treated as an aggravated felony for purposes of enhanced punishment under Section 1326(b)."); United States v. Adkins, 102 F.3d 111, 113 (4th Cir. 1996); United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994); United States v. Forbes, 16 F.3d 1294, 1302 (1st Cir. 1994); see also Scheidemann v. INS, 83 F.3d 1517, 1521-22 (3rd Cir. 1996).

"We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." United States v. Nichols, 169 F.3d 1255, 1261 (10th Cir. 1999) (quoting In re Smith, 10 F.3d 723, 724 (10th Cir. 1993)). Mr. Escarino-Carrillo recognizes our binding precedent and has submitted a Motion to Permit Late Filing of Petition for En Banc Consideration. See Fed. R. App. P. 35(c) ("A petition that an appeal be heard initially en banc must be filed by the date when the appellee's brief is due.").

In this motion, Mr. Escarino-Carrillo asks us to reconsider our holding in Aranda-Hernandez and to adopt the Ninth Circuit's approach outlined in United States v. Fuentes-Barahona, 111 F.3d 651 (9th Cir. 1997), where the court applied the rule of lenity and construed USSG §2L1.2(b)(1)(A) as most favorable to the

defendant. In Fuentes-Barahona, the Ninth Circuit held that a "'crime of violence' that occurred before November 29, 1990, does not qualify as an 'aggravated felony' for sentencing enhancement purposes under U.S.S.G. § 2L1.2(b)(2)." 111 F.3d at 653. We have adopted the opposing view. See Aranda-Hernandez, 95 F.3d at 983. Absent an ambiguity in our precedent, "there is no occasion for this Court to apply the rule of lenity" or to consider its applicability to the Sentencing Guidelines. United States v. Westcott, 159 F.3d 107, 116-17 (2d Cir. 1998). Mr. Escarino-Carrillo can point to no ambiguity or supporting authority in our circuit's case law to sustain his claim.

This panel may grant an untimely petition for an en banc hearing and issue an express order that the request be transmitted to the full court. See 10th Cir. R. 35.3. Mr. Escarino-Carrillo proffers no satisfactory reason for his late filing. We opt not to issue this order for several reasons: (1) our circuit has maintained uniformity regarding the retroactivity of the aggravated felony sentencing enhancements; see Fed. R. App. P. 35(a)(1); (2) the Aranda-Hernandez holding does not conflict with a decision of the United States Supreme Court; see Fed. R. App. P. 35(b)(1)(A); and (3) the proceeding does not involved a question of "exceptional importance." Fed R. App. P. 35(a)(2). A question of "exceptional importance" might exist if the issue was one on which our holding conflicts with the "authoritative decisions of other United States Courts of Appeals that have

-4-

addressed the issue." Fed. R. App. P. 35(b)(1)(B). On the contrary, our reasoning and holding in Aranda-Hernandez comports with that of several other circuits (as noted above) and conflicts with only the Ninth Circuit's approach.

Accordingly, we DENY Mr. Escarino-Carrillo's motion to untimely file a petition for initial hearing en banc and AFFIRM the district court's sentencing of Mr. Escarino-Carrillo.

Entered for the Court,


Robert H. Henry
Circuit Judge