# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1493

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Benjamin Renan Sojos, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 15, 2002
Filed:  November 5, 2002

_____

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Benjamin Renan Sojos pleaded guilty to illegal reentry following deportation after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(2), (b)(2).  The district court[1] increased Sojos's base offense level by 16 under U.S.S.G. § 2L1.2(b)(1)(A) (2001), based on a prior Minnesota felony conviction for criminal sexual conduct, and sentenced him to 46 months imprisonment and 3 years supervised release.  On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing (1) the district court erred in applying the

_____

[1]The HONORABLE ANN D. MONTGOMERY, United States District Judge for the District of Minnesota.

November 2001 version of section 2L1.2, (2) Sojos's prior conviction was not an aggravated felony and thus did not justify an increase under the previous version of section 2L1.2, and (3) his prior offense did not qualify as an "aggravated felony" as the term was defined in 8 U.S.C. § 1101(a)(43)(A) when the offense was committed. In his pro se supplemental brief, Sojos argues that his prior conviction did not justify an increase under either version of section 2L1.2.

We conclude the district court did not plainly err in applying the 16-level enhancement because trial counsel conceded that Sojos's prior conviction warranted the 16-level enhancement, and because the offense meets the requirements for the enhancement under either version of section 2L1.2. See 8 U.S.C. § 1101(a)(43)(A) (defining aggravated felony); U.S.S.G. § 2L1.2(b)(1)(A)(ii) & comment. (n.1(B)(ii)) (2001) (16-level increase warranted where prior felony conviction was crime of violence; defining crime of violence); U.S.S.G. § 2L1.2(b)(1) (2000) (increase warranted where prior conviction was for aggravated felony); United States v. Kempis-Bonola, 287 F.3d 699, 701 (8th Cir. 2002) (standard of review), cert. denied, 71 U.S.L.W. 3243 (U.S. Oct. 7, 2002). Moreover, application of the amended statutory definition of aggravated felony, made effective after Sojos's prior conviction, did not violate the Ex Post Facto Clause. See United States v. Cazares-Gonzalez, 152 F.3d 889, 891 (8th Cir. 1998) (per curiam). Further, following our independent review, see Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.